UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

James Sims

        Plaintiff,                       SUMMONS

v.                                       JURY DEMAND AS TO ALL COUNTS

City of Yonkers, Yonkers Police Department,

County of Westchester, Police Chief Gardner,


        Defendants.

_____


COMES NOW THE PLAINTIFF, James Sims by his attorney Carlos Gonzalez, Esq.

for his complaint against the defendants and alleging as follows:

### NATURE OF THE CASE

1. This is a civil rights action under 42 U.S.C. §§ 1983 and 1988 for declaratory and injunctive relief and damages to redress violations of the plaintiff's constitutional rights caused  The plaintiff was wrongly arrest for violations of Article 20 of the New York Tax Law. Having been charged under Misdemeanor Information 13-0655, City Court City of Westchester, Count yof Westchester. Subsequent to this Mr Sims was fully exhonorated in that all charges were dismissed at a bench trial against Defendant as a result of the incredible testimony of the arresting officer.


**PARTIES**


2. Plaintiff James Sims ["Sims"] is a natural person residing in Bronx, New York, United States of America and was a resident of Bronx, NY during all relevant times of this action.  He is not a minor or incompetent person.  He possesses the capacity to sue and be sue.


3. Defendant City of Yonkers is a municipality and political subdivision of

the State of New York.  The Corporation Counsel of the City of Yonkers is Michael V. Curti, Esq. .  The unconstitutional conduct alleged in this case was carried out by various known and unknown city officials, employees, and agents acting under color of state law and in the scope of their employment with the City of Yonkers.  The City of Yonkers is being sued in its municipal capacity under 42 U.S.C. § 1983, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.  At all relevant times, one or more city officials with final policy-making authority had knowledge of and authorized, approved, and/or acquiesced in the unconstitutional conduct alleged in this case.

4. Defendant Charles Gardner is the Chief of Police of the City of Yonkers Police Department (YPD).  Upon information and belief, Chief Gardner has been the Chief of Police at all times relevant to this case.  Upon information and belief, his office is located at 104 South Broadway, Yonkers NY 914-377-7200.  Upon information and belief, Gardner personally participated in and/or had knowledge of and authorized, approved, and/or acquiesced in the unconstitutional conduct alleged in this case.  At all relevant times, Chief Gardner was acting under color of state law and in the scope of his employment with the City of Yonkers.  At all relevant times, Chief Gardner exercised final policy-making authority within the meaning of Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.  Chief Gardner is being sued in his individual and official capacities under 42 U.S.C. § 1983.

5. Defendant Westchester County is a municipality and political
subdivision of the State of New York.  The County Attorney of Westchester County is Robert Meehan.  Upon information and belief, the main office of the Westchester County Attorney's Office is located at 148 Martine Avenue, 6th Floor, White Plains, New York, 10601; (914) 995 2660.  The unconstitutional conduct alleged in this case was carried out by various known and unknown county officials, employees, and agents acting under color of state law and in the scope of their employment with Westchester County.  Westchester County is being sued in its municipal capacity under 42 U.S.C. § 1983, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.  At all relevant times, one or more county officials with final policy-making authority had knowledge of and authorized, approved, and/or

acquiesced in the unconstitutional conduct alleged in this case.

6. Defendant Thomas J. Braig is a Police Officer with the City of Yonkers Police Department (YPD).  Upon information and belief, Officer Braig has been an officer at all times relevant to this case.  Upon information and belief, his office is located at 104 South Broadway, Yonkers NY 914-377-7200.  Upon information and belief, Braig personally participated in and/or had knowledge of and authorized, approved, and/or acquiesced in the unconstitutional conduct alleged in this case.  At all relevant times, Officer Braig was acting under color of state law and in the scope of his employment with the City of Yonkers.  At all relevant timesOfficer Braig exercised final policy-making authority within the meaning of Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.  Officer Braig is being sued in his individual and official capacities under 42 U.S.C. § 1983. Furthermore, Officer Braig personally took Plaintiff into custody, as he was the arresting officer of record, and testified at trial against Sims. His testimony being the main catalyst for the dismissal of the underlying prosecution leading up to the this instant action.

7. Defendant Yonkers Police Department upon information and belief is a properly incorporated agency within the City of Yonkers.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.  This Court has jurisdiction to declare the rights of the parties and to grant further necessary or proper relief pursuant to 28 U.S.C. §§ 2201 and 2202.

9. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this action occurred in this district.

10. There are no administrative exhaustion requirements for bringing the present civil rights action under 42 U.S.C. § 1983.

FACTUAL ALLEGATIONS

11. The events in this case have their origin in a criminal prosecution that was brought against Sims on or about February 1, 2013 for failure ot pay/report tax on tobacco prodcuts in violation s Article 20 of the New York State Tax Law. In February of 2013 Sims was arrested by Yonkers Police Department in the vestibule of the Lobby of his frineds building in Bronx New York, outside of the jursdition of Yonkers Police.

12. On or about February 1, 2013 Sims was alleged to have been in the possession of untaxed cigarette cartons. To whit, a criminal violation of the Tax Code.

13. Defendant Sims was arrested with co-defendant Damon Hayes, who was charged as a co defendant in the above noted proceedings under Docket Number 13-0656.

14. Upon information and belief, as part of the allegation Police alleged that they witnessed Sims and Hayes engage in the manipulation of large quantities of untaxed cigarettes in the bak of their vehicle.

15. Police further allege that they became in contact with Defendant Hayes as a result of a cooperating witness that turned over a business card with the word PAC  MAN and a phone number on said card.

16. Police allege that based on this information they set up a meeting with PAC MAN by contacting the number on the card and arranging for a purchase of cigarettes.

17. On or about February 1, 2013 Defendants Hayes and Sims were arrested after Police allegedly saw them engage in shuffling of cigarette cartons on the side of the road at  time near

the time and place arranged for over the phone with suspect PAC MAN.

18. Police testimony noted however the vehicle in question was approximately 3 football lengths distance from the investigating officers, the officers used no assitive devices, and the time of day the incident was alleged to have occured was late at night.

19. As a result of officers testimony all charges were dismissed against Sims at trial.

20. Upon the completion of trial the People via ADA Stephanie Denise noted "our case didnt get any better than this, im not surprised at the dismissal."

COUNT ONE:  PROCEDURAL DUE PROCESS (Government Defendants)

21. Plaintiff repeats and re-alleges Paragraphs 1-20 above.

22. The Fourteenth Amendment to the United States Constitution provides that no person shall be deprived "of life, liberty or property, without due process of law." U.S. Const. Amend. XIV § 1.

23. The plaintiff's right to procedural due process, guaranteed by the Fourteenth Amendment, was violated by the government defendants under color of state law in violation of 42 U.S.C. § 1983.

24. The plaintiff has a protected liberty interest in the right to not be falsely arrested.

25. The government defendants violated the plaintiff's protected liberty by arresting Plaintiff illegally, without cause, or without warrant.

26. The government defendants acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's constitutional rights.

27. The City of Yonkers is liable for the procedural due process violation with respect to false arrest, and all reasonably foreseeable harm caused thereby, because one or more city officials with final policy-making authority had knowledge of and authorized, approved, and/or acquiesced in the unconstitutional conduct, and/or the City of

Yokers was deliberately indifferent to the plaintiff's constitutional rights by failing to train and supervise the city officials who ordered and/or carried out the unconstitutional conduct.

28. Chief Gardner and Officer Braig are liable for the procedural due process violation with respect to this arrest, and all reasonably foreseeable harm caused thereby, because he personally participated in and/or had knowledge of and authorized, approved, and/or acquiesced in the unconstitutional conduct.  Chief Gardner nor Officer Braig are not entitled to qualified immunity, as their conduct violated the plaintiff's clearly established rights and it was not objectively reasonable for him to believe that their conduct was lawful.

29. Westchester County is liable for the procedural due process violation with respect to the arrest, and all reasonably foreseeable harm caused thereby, because one or more county officials with final policy-making authority had knowledge of and authorized, approved, and/or acquiesced in the unconstitutional conduct, and/or Westchester County was deliberately indifferent to the plaintiff's constitutional rights by failing to train and supervise the county officials who ordered and/or carried out the unconstitutional conduct.

30. As a result of the government defendants' culpable conduct, the plaintiff has suffered non-economic and economic injuries, including mental anguish, emotional distress, embarrassment, humiliation, out of pocket expenses, and other compensable injuries, for which he is entitled to an award of actual, compensatory, and punitive damages as provided by law.

COUNT TWO:  SUBSTANTIVE DUE PROCESS (Government Defendants)

31. Plaintiffs repeat and re-allege Paragraphs 1-30 above.

32. The Fourteenth Amendment to the United States Constitution guarantees that no person shall be deprived "of life, liberty or property, without due process of law."  U.S. Const. Amend. XIV § 1.

33. The plaintiff's right to substantive due process, guaranteed by the Fourteenth Amendment, was violated by the government defendants under color of state law

in violation of 42 U.S.C. § 1983.

34. The plaintiff has a protected liberty interest in his liberty and the right to not be falsely arrested or detained by Police.

35. The government defendants violated the plaintiff's protected liberty interest when they illegally arrested, detained, and prosecuted Sims.

36. The government defendants acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's constitutional rights.

37. The City of Yonkers is liable for the substantive due process violation with respect to this arrest, and all reasonably foreseeable harm caused thereby, because one or more city officials with final policy-making authority had knowledge of and authorized, approved, and/or acquiesced in the unconstitutional conduct, and/or the City of Yonkers was deliberately indifferent to the plaintiff's constitutional rights by failing to train and supervise the city officials who ordered and/or carried out the unconstitutional conduct.

38. Chief Gardner and Officer Braig are liable for the substantive due process violation with respect to the false arrest and detention of Plaintiff Sims , and all reasonably foreseeable harm caused thereby, because they personally participated in and/or had knowledge of and authorized, approved, and/or acquiesced in the unconstitutional conduct.  Chief Gardner is not entitled to qualified immunity, as his conduct violated the plaintiff's clearly established rights and it was not objectively reasonable for him to believe that his conduct was lawful.

39. Westchester County is liable for the substantive due process violation with respect to this arrest and all reasonably foreseeable harm caused thereby, because one or more county officials with final policy-making authority had knowledge of and authorized, approved, and/or acquiesced in the unconstitutional conduct, and/or Westchester County was deliberately indifferent to the plaintiff's constitutional rights by failing to train and

supervise the county officials who ordered and/or carried out the unconstitutional conduct.

40. As a result of the government defendants' culpable conduct, the plaintiff has suffered non-economic and economic injuries, including mental anguish, emotional distress, embarrassment, humiliation, out of pocket expenses, and other compensable injuries, for which he is entitled to an award of actual, compensatory, and punitive damages as provided by law.

COUNT THREE:  VIOLATION OF 42 U.S.C. 1983: FALSE ARREST

41. Plaintiff repeats and reallaeges and incorporates by reference the allegations in paragraphs 1 through 40 above with the same force and effect as if herein set forth.

42. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986, and 1988.

43. For "Monell" purposes, Defendant City of Yonkers ("City") failed to properly train their police department employees on the proper procedures for conducting an investigation and arrest. Furthermore, we allege that it is Department policy to make arrests where allegations of criminality take place, as such all members employed by said department in a position/capacity to arrest any other individual would/should properly be trained by the department to perform said duty in a just and proper manner. We also allege that it is the general practice of the Department to fully investigate any and all matters before them, and do so in a proper and judicious manner, the failure to have done so in this matter is a breach of the aforementioned implied, and direct, policy of this department.

44. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest and prosecute individuals for various offenses, while being indifferent to whether or not there was probable cause or a factual basis

for the belief that the person committed the crime.

45. Defendant City of Yonkers knew or should have known that this type of conduct, custom, unwritten policy, or practice was taking place in their police department. This practice directly led to the false arrest and false imprisonment, of Mr. Sims for an offense that he did not commit.

46. Acting under color of law, Defendant's engaged in a denial or Sims' rights privileges and immunities secured by the United States Constitution or by Federal Law, as incorporated by the Fourteenth Amendment. Specifically, but not limited to, a violation of Mr. Sims' right to due process under the Fourth Amendment as incorporated by the Fourteenth Amendment.

47. There was no probable cause for the Arrest, detention and incarceration of Mr. Sims, and as a result his constitutional rights were violated. No sufficient cause for any warrant, if issued as based on the officers own testimony probable cause was found to be lacking by the Court leading to the dismissal of this instant action.

48. As a result of the Defendant's unlawful and malicious action Sims was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. section 1983. Furthermore, Plaintiff alleges that the officers in question were engaged in a violation of official power granted them by the government, as per *Parilla-Burgos*, 108 F.3d 449.

**PRAYER FOR RELIEF**

**WHEREFORE** the plaintiff demands judgment against the defendants for:

A. Actual damages in an amount to be proved at trial;

B. Compensatory damages in an amount to be proved at trial;

C. Punitive damages in an amount to be proved at trial;

D. Pre-judgment and post-judgment interest;

E. Declaratory and injunctive relief;

F. Attorney's fees, costs, and disbursements; and

G. All other relief that the plaintiff may be entitled to under law, or as

 justice may require.

Dated: January 31, 2016 White Plains, New York

**VERIFICATION**


Respectfully submitted,

 Gonzalez Law Associates

By: _____/s/_____

Carlos Gonzalez, Esq.

75 South Broadway

4th Floor

White Plains, NY 10601

212-405-2234

cgonzalez@glafirm.com

www.glafirm.com